1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ARTURO OSIEL VALENCIA BARRERA,<br><br>                              Plaintiff,<br><br>          v.<br><br>LOS ANGELES COUNTY OF CALIFORNIA, et al.,<br><br>                              Defendants. | Case No. 2:20-cv-03804-JFW-SHK<br><br>**ORDER DISMISSING COMPLAINT, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE** |

11
12
13
14
15
16
17
18

## I.     BACKGROUND

19

On April 15, 2020, Plaintiff Arturo Osiel Valencia Barrera ("Plaintiff"),

20

proceeding pro se and in forma pauperis ("IFP"), constructively filed[1] a civil rights

21

Complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against

22

the Los Angeles County Sheriff's Department.  Electronic Case Filing Number

23

("ECF No.") 1, Compl.  On June 29, 2020, the Court issued an Order Dismissing

24

Plaintiff's Complaint with Leave to Amend ("ODLA") after determining that

25

Plaintiff's inadequate medical care, First Amendment retaliation, access to the

26

27

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

28

1 courts, equal protection, due process, sexual assault, and official capacity claims
2 were insufficiently pled.  ECF No. 7, ODLA at 9-23.

3       Plaintiff was given an opportunity to file an amended complaint, see id. at
4 23, and after an extension on October 14, 2020, Plaintiff filed a second complaint.
5 Barrera v. The Los Angeles Sheriff's Dept., et al., Case No. 2:20-cv-09443-JFW-
6 SHK, ECF No. 1.  Plaintiff's second complaint was not labeled as a first amended
7 complaint, despite the Court's instruction that Plaintiff label it as such.  See ECF
8 No. 7, ODLA at 23.  The Court assigned the second complaint a new case number,
9 but upon further review, it appeared that the second complaint was an amended
10 complaint in the instant action.  Therefore, in a minute order ("MO"), the Court
11 ordered the second complaint to be re-docketed as the First Amended Complaint
12 ("FAC") at ECF No. 17.  See ECF No. 16, MO.

13       On October 27, 2020, before the Court screened the FAC, the Court received
14 Plaintiff's Second Amended Complaint ("SAC") alleging civil rights violations
15 under § 1983 against the Los Angeles County Sheriff's Department ("LACSD"),
16 Deputy Bassett, Deputy Watkins, Deputy District Attorney ("DA") Joseph Iniguez,
17 Judge Michael Villalobos, the San Gabriel Police Department ("SGPD"), Officer
18 Wendy Flores, and the ACLU ("Defendants") regarding harm Plaintiff allegedly
19 suffered while in pre-trial custody, issues related to Plaintiff's state court criminal
20 proceedings, and Plaintiff's ability to prosecute his federal and state cases.  ECF
21 No. 18, SAC at 3-9.

22       On September 19, 2022, after screening the Complaint pursuant to 28 U.S.C.
23 § 1915, the Court issued an Order Dismissing the Second Amended Complaint
24 with Leave to Amend ("ODLA SAC"), finding, inter alia, that Plaintiff's claims
25 against Judge Villalobos were barred by judicial immunity, Plaintiff's claims
26 against DA Iniguez were barred by prosecutorial immunity, and Plaintiff failed to
27 state claims against the LACSD and SGPD.  ECF No. 19, ODLA SAC at 2, 10-14.
28 The Court provided Plaintiff twenty-one days from the date the ODLA SAC issued

to file a Third Amended Complaint ("TAC"), should he so choose.  Id. at 24.  The Court warned, however, that "**if Plaintiff does not timely file a TAC, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b)**."  Id. at 25 (emphasis in original).

The October 10, 2022 deadline passed and Plaintiff had not filed a TAC or otherwise responded to the ODLA SAC as instructed.  Thus, on November 2, 2022, the Court entered an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute or to follow Court orders, finding that "Plaintiff has failed to file a [TAC] within the allotted time nor has he requested an extension of time within which to do so."  ECF No. 21, OSC at 1.  The Court ordered that Plaintiff had fourteen days—until November 16, 2022—to either advise the Court that he did not desire to pursue this action, show good cause in writing why he had not timely filed a TAC and why the Court should not recommend that this action be dismissed, or file a TAC.  Id.  The Court cautioned that if Plaintiff failed to execute any of the provided options, "the Court **will** deem such failure a further violation of a Court order justifying dismissal, and also deem such failure as further evidence of a lack of prosecution on Plaintiff's part."  Id. (emphasis in original).  Plaintiff failed to respond.

As of the date of this Order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise participate in this litigation.  Plaintiff has not filed a TAC and has not otherwise contacted the Court.

## II.  DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an

action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite numerous extensions and warnings, Plaintiff has failed to respond to multiple Court orders and has failed to file his TAC.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. See id.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447,

4

1  1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any

2  excuse for his failure to comply with the Court's order and respond in a timely

3  manner and this "prejudice" element thus favors dismissal.

4       The fourth factor—public policy in favor of deciding cases on the merits—

5  ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to

6  move litigation towards disposition at a reasonable pace and to avoid dilatory and

7  evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

8  Plaintiff has not met this responsibility despite having been: (1) instructed on his

9  responsibilities; (2) granted sufficient time in which to discharge them; and (3)

10  repeatedly warned of the consequences of failure to do so.  See ECF No. 19,

11  ODLA SAC at 24-25, and ECF No. 21, OSC at 1.  Under these circumstances,

12  though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey

13  Court orders or to file responsive documents within the time granted.

14       The fifth factor—availability of less drastic sanctions—also weighs in favor

15  of dismissal.  The Court cannot move the case toward disposition without

16  Plaintiff's compliance with Court orders or participation in this litigation.  Despite

17  repeated attempts by the Court to obtain a response, Plaintiff has shown he is either

18  unwilling or unable to comply with Court orders by failing to file responsive

19  documents or unable to otherwise cooperate in prosecuting this action.  The Court

20  is not aware of any lesser sanction that is available in this case.  See Henderson,

21  779 F.2d at 1424 ("The district court need not exhaust every sanction short of

22  dismissal before finally dismissing a case but must explore possible and

23  meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA

24  (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

25       Accordingly, because it appears that Plaintiff has abandoned this litigation,

26  and because Plaintiff has repeatedly defied Court orders, the Court DISMISSES

27  this case, without prejudice.

28  / / /

1

### III.    ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  December 28, 2022

HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

6